IN THE UNTIED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MANUEL LITTLEJOHN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-24-996-SLP |
| ) | |
| CHRISTIE QUICK, in her official capacity ) | |
| as Warden of the Oklahoma State ) | |
| Penitentiary, Steven Harpe, in his official ) | |
| capacity as Executive Director of the ) | |
| Oklahoma Department of Corrections, ) | |
| ) | |
| Defendants. ) | |

**O R D E R**

Plaintiff, Manuel Littlejohn (Littlejohn), has filed a Complaint [Doc. No. 1] and alleges a violation of his federal procedural due process rights under 42 U.S.C. § 1983. Littlejohn is an Oklahoma death row inmate and his execution is scheduled for September 26, 2024 at 10:00 a.m. Littlejohn has filed an Emergency Motion for Stay of Execution and Brief in Support [Doc. No. 3]. For the reasons that follow, Littlejohn's Complaint is DISMISSED WITHOUT PREJUDICE for lack of jurisdiction. Alternatively Littlejohn's Motion for Stay of Execution is DENIED.

**I.   Background**

On September 25, 2024, the Oklahoma Court of Criminal Appeal (OCCA) denied Littlejohn's emergency motion for stay of execution. *See* OCCA Order [Doc. No. 1-8]. Littlejohn made a facial challenge to Okla. Stat. tit. 22, § 1014 and asked that the statute

be declared unconstitutional and unenforceable.[1] Littlejohn argued that § 1014, as written, permits an improper delegation of legislative power because it permits executive branch officials to select the method of execution of an Oklahoma prisoner.

The OCCA rejected Littlejohn's challenge finding his claim was not ripe. *Id*. at 4. The OCCA found:

> Under Section 1014, lethal injection is the default method of execution. Unless and until lethal injection is held unconstitutional by a court (which it has not) or is otherwise unavailable, the executive branch officials have no choice but to utilize that method of execution to execute Littlejohn. Littlejohn provides no proof that Respondents lack the approved drugs to carry out his execution by lethal injection. His concern Respondents may, at

---

[1] Section 1014 provides:

**Manner of inflicting punishment of death**

A. The punishment of death shall be carried out by the administration of a lethal quantity of a drug or drugs until death is pronounced by a licensed physician according to accepted standards of medical practice. For purposes of this subsection, the Uniform Controlled Dangerous Substances Act shall not apply to the Department of Corrections or to any person who participates in the execution or administers one or more controlled dangerous substances.

B. If the execution of the sentence of death as provided in subsection A of this section is held unconstitutional by an appellate court of competent jurisdiction or is otherwise unavailable, then the sentence of death shall be carried out by nitrogen hypoxia.

C. If the execution of the sentence of death as provided in subsections A and B of this section is held unconstitutional by an appellate court of competent jurisdiction or is otherwise unavailable, then the sentence of death shall be carried out by electrocution.

D. If the execution of the sentence of death as provided in subsections A, B and C of this section is held unconstitutional by an appellate court of competent jurisdiction or is otherwise unavailable, then the sentence of death shall be carried out by firing squad.

Okla. Stat. tit. 22, § 1014.

the eleventh hour, select one of the other methods is nothing but conjecture. Hence, we continue to find this claim fails the prudential ripeness doctrine.

*Id*.

This action followed. Littlejohn sues Christie Quick, in her official capacity as Warden of the Oklahoma State Penitentiary and Steven Harpe, in his official capacity as Executive Director of the Oklahoma Department of Corrections (collectively Defendants or the State). Littlejohn claims the State has violated his procedural due process rights under the Fourteenth Amendment. Littlejohn alleges that he has a protected property interest in a "cause of action" and that the OCCA's "lawless ripeness holding deprived Littlejohn of access to the courts and his right to procedural due process under the federal constitution." Compl. ¶ 7.

As relief, Littlejohn underscores that he "does not ask this Court to set aside his conviction or death sentence" and "[h]e does not ask this Court to decide a state issue or force the state courts to decide an issue." *Id*. ¶ 9. He claims, that instead, he "asks the Court to ensure the State does not deprive him of his constitutional right to the courts and to due process[.]" *Id*.

## II.  Analysis

The Court first addresses jurisdictional issues that preclude the Court from addressing the claim raised in his Complaint or granting the request for a stay.

3

A.     **Jurisdictional Issues**

1.     ***Rooker-Feldman* Doctrine**

The *Rooker–Feldman* doctrine is a jurisdictional bar that "prohibits federal suits that amount to appeals of state-court judgments." *Bolden v. City of Topeka, Kan.*, 441 F.3d 1129, 1139 (10th Cir. 2006); *Campbell v. City of Spencer*, 682 F.3d 1278, 1281 (10th Cir. 2012) ("*Rooker–Feldman* is a jurisdictional prohibition on lower federal courts exercising appellate jurisdiction over state-court judgments.").[2]  "If the constitutional claims presented to a United States District Court are inextricably intertwined with the state court's denial in a judicial proceeding . . . then the District Court is in essence being called upon to review the state court decision. This the District Court may not do." *Feldman*, 460 U.S. at 482 n.16.

The *Rooker–Feldman* doctrine applies to "cases brought by [individuals who lost in state court] complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).  It is narrowly "confined to cases brought after the state proceedings have ended." *Mann v. Boatright*, 477 F.3d 1140, 1146 (10th Cir. 2007) (internal quotation marks and citation omitted).

---

[2] The doctrine is named after the two Supreme Court cases it is derived from: *Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

4

As relevant here, the Tenth Circuit has held "a challenge to a judgment is barred even if the claim forming the basis of the challenge was not raised in the state proceedings." *Bolden*, 441 F.3d at 1141.  In *Bolden*, the Circuit specifically foreclosed challenges to final state court judgments on the grounds that the state court proceedings deprived the individual who lost of due process:

> To illustrate, say a father was deprived of custody of his child by a state-court judgment. If he files suit in federal court, seeking to invalidate the state-court judgment on the ground that the state-court proceedings deprived him of due process or that the judgment was otherwise contrary to federal law, his suit would be barred by *Rooker–Feldman*; the suit usurps the Supreme Court's exclusive appellate jurisdiction because it seeks to set aside the judgment based on a review of the prior proceedings.

*Bolden*, 441 F.3d at 1145; *see also Tso v. Murray*, 849 F. App'x 715, 717 (10th Cir. 2021) ("Mr. Tso also argues that the *Rooker-Feldman* doctrine does not cover claims involving denial of procedural due process.  We rejected this argument in *Bolden*").

Accordingly, under *Rooker-Feldman*, this Court lacks jurisdiction to consider Littlejohn's sole claim for a violation of his procedural due process rights.  Compl. [Doc. No. 1] ¶¶ 57–66.  Notwithstanding his allegation to the contrary, *see id.* ¶ 9, Littlejohn fundamentally seeks to appeal the final decision of the OCCA rendered in *Littlejohn v. Harpe*, Case No. PR-2024-740 (Okla. Crim. App. Sept. 25, 2024) prior to him filing this action. *See* Compl. ¶¶ 7, 36, 51, 64.  The crux of his legal claim is that the OCCA's decision to dismiss his appeal on justiciability grounds was "arbitrary" and deprived him of procedural due process.  *See id.* ¶¶  7, 51–56, 61–64 ("[T]he court's lawless ripeness holding deprived [Plaintiff] of access to the courts and his right to procedural due process . . . OCCA's ruling acted merely as a device to deprive [Plaintiff] of his constitutionally

5

protected right to due process."). As such his claim is inextricably intertwined with the OCCA's decision. *Feldman*, 460 U.S. at 482 n.16.

Littlejohn acknowledges the Supreme Court of Oklahoma is the "final arbiter of jurisdiction in the State of Oklahoma," and that it held in this action the OCCA "has exclusive jurisdiction in criminal cases." *Id.* ¶¶ 24, 33. Based on the representations in the Complaint and in Littlejohn's Motion, the Court is convinced the decision of the OCCA is final. *Guttman v. Khalsa*, 446 F.3d 1027, 1032 (10th Cir. 2006) (quoting examples from the First Circuit of where a judgment is considered final, including: (1) "when the highest state court in which review is available has affirmed the judgment below and nothing is left to be resolved"; or (2) "if the state action has reached a point where neither party seeks further action" (quoting *Federacion de Maestros de Puerto Rico v. Junta de Relaciones del Trabajo de Puerto Rico*, 410 F.3d 17, 24 (1st Cir. 2005))).

Fundamentally, Littlejohn's action is solely an invitation to exercise appellate jurisdiction over the final judgment of the OCCA, which the Court cannot do. *See Bolden*, 441 F.3d at 1139.

### 2. Eleventh Amendment Immunity

Furthermore, Littlejohn's claims against Defendants are barred by Eleventh Amendment immunity which "concerns the subject matter jurisdiction of the district court." *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002). The Eleventh Amendment grants states immunity from suits brought pursuant to § 1983 unless such immunity is specifically waived or overridden by Congress. *See Welch v. Tex. Dept. of Highways and Public Trans.*, 483 U.S. 468, 472–74 (1987) (finding federal courts barred

6

from considering § 1983 actions against states unless state's sovereign immunity is specifically waived or overridden by Congress). Congress did not abrogate the states' Eleventh Amendment immunity through the enactment of 42 U.S.C. § 1983. *See Quern v. Jordan*, 440 U.S. 332, 345 (1979). Neither has the State of Oklahoma waived its sovereign immunity except in limited circumstances not applicable here. *See Ramirez v. Okla. Dep't of Mental Health*, 41 F.3d 584, 589 (10th Cir.1994) (noting that "Oklahoma has not waived its Eleventh Amendment immunity").

A claim against Defendants in their official capacities is essentially a claim against the State of Oklahoma and therefore, the Amendment's proscription applies to them. *Muscogee (Creek) Nation v. Okla. Tax Comm'n*, 611 F.3d 1222, 1227 (10th Cir. 2010) ("[A] suit against a state official in his or her official capacity . . . is no different than a suit against the State itself." (quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989))). And "Eleventh Amendment immunity applies regardless of whether a plaintiff seeks declaratory or injunctive relief, or money damages." *Steadfast Ins. Co. v. Agric. Ins. Co.*, 507 F.3d 1250, 1252 (10th Cir. 2007). Defendants, therefore, are immune from suit in their official capacities.

The *Ex parte Young* exception does not apply.[3] Littlejohn's due process challenge is premised on the OCCA's conduct in rendering its "ripeness" ruling. *See* Compl. ¶ 8 ("By dismissing his action based on an incredible application of the ripeness doctrine, the State deprived Littlejohn of property without due process."). There is no ongoing violation

---

[3] *Ex parte Young*, 209 U.S. 123 (1908).

of Littlejohn's rights by the OCCA. *See Muscogee (Creek) Nation*, 669 F.3d at 1167 ("To determine whether the *Ex parte Young* exception applies, we "need only conduct a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." (internal quotation marks and citation omitted)).[4]

### B. Littlejohn Has Not Shown a Significant Possibility of Success on the Merits

Even if the Court could properly exercise jurisdiction over this action, Littlejohn would not be entitled to a stay of execution because he has not shown a significant possibility of success on the merits of his § 1983 claim. *See Hill v. McDonough*, 547 U.S. 573, 584 (2006). To determine whether a procedural due process violation has occurred, courts engage in a familiar two-step inquiry. *M.A.K. Inv. Grp., LLC v. City of Glendale*, 897 F.3d 1303, 1308 (10th Cir. 2018). First, the Court considers whether the Defendants' "actions deprived [Plaintiff] of a constitutionally protected property interest." *Id.* (quoting *Pater v. City of Casper*, 646 F.3d 1290, 1293 (10th Cir. 2011)). If so, then the Court determines "whether [Plaintiff] w[as] afforded the appropriate level of process." *Id.* at 1309 (quoting *Pater*, 646 U.S. at 1293).

---

[4] To this end, Littlejohn has not sued the proper defendants. Under *Ex parte Young*, 209 U.S. 123, (1908), a plaintiff may pursue a federal constitutional claim for prospective relief against an official-capacity state defendant who is responsible for the challenged action or who, "by virtue of his office, has some connection' with the unconstitutional act or conduct complained of." *Id.* at 157. Here, the OCCA is responsible for the challenged action, not the named Defendants.

Littlejohn contends the OCCA violated his procedural due process rights by rejecting his claim on ripeness grounds instead of reaching its substantive merits—i.e., deciding whether Oklahoma's method-of-execution statute comported with the state's nondelegation doctrine. *See* Compl. [Doc. No. 1] ¶¶ 1–8. To be sure, "the right to bring a cause of action is . . . 'a species of property protected by the Fourteenth Amendment's Due Process Clause.'" *M.A.K.*, 897 F.3d at 1309–10 (quoting *Logan v. Zimmerman Brush Company*, 455 U.S. 422, 428 (1982)). But a litigant does not have a constitutionally protected property right in having his claim decided *on its substantive merits*, as opposed to on some other procedural ground. If that were true, federal district courts would violate prisoners' procedural due process rights by, for example, enforcing AEDPA's timeliness and exhaustion requirements.

And although Littlejohn has a property interest in his cause of action generally, the State did "not finally destroy [that] property interest without first giving [Plaintiff] an opportunity to present his claim of entitlement." *Logan*, 455 U.S. at 434. Instead, Littlejohn's Complaint demonstrates that he asked the Oklahoma Supreme Court to assume original jurisdiction over his request. Compl. [Doc. No. 1] ¶ 23. That court then transferred the action to the OCCA. *Id.* ¶ 24. The OCCA considered Littlejohn's argument but ultimately decided the "claim fail[ed] the prudential ripeness doctrine." [Doc. No. 1-8] at 4. Though Littlejohn disagrees with the OCCA's decision to issue a ruling on ripeness grounds, he has not identified any constitutional flaw in the procedures leading up to that decision. *Cf. Gibbes v. Zimmerman*, 290 U.S. 326, 332 (1933) ("[T]he appellant has no property, in the constitutional sense, in any particular form of remedy; all that he is

9

guaranteed by the Fourteenth Amendment is the preservation of his substantial right to redress by some effective procedure.").

### C. The All Writs Act Does not Entitle Littlejohn to Relief

The All Writs Act establishes that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). The Act does not absolve Littlejohn of his responsibility to make the showing necessary to obtain a stay. *See Dunn v. McNabb*, 583 U.S. 941, 941 (2017) (observing that the All Writs Act "does not excuse a court from making" injunction- or stay-related related findings). Thus, because Littlejohn has not shown a significant possibility of success on the merits, his request for relief under the All Writs Act is denied.

## IV. Conclusion

For the reasons that follow, Littlejohn's Complaint is DISMISSED WITHOUT PREJUDICE for lack of jurisdiction. Alternatively Littlejohn's Motion for Stay of Execution is DENIED.

IT IS SO ORDERED this 25th day of September, 2024.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE