FILED
United States Court of Appeals
Tenth Circuit

September 26, 2024

Christopher M. Wolpert
Clerk of Court

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

MANUEL LITTLEJOHN,

    Plaintiff - Appellant,

v.

CHRISTIE QUICK, in her official capacity as Warden of the Oklahoma State Penitentiary, STEVEN HARPE, in his official capacity as Executive Director of the Oklahoma Department of Corrections,

    Defendants - Appellees.

No. 24-6203
(D.C. No. 5:24-CV-00996-SLP)
(W.D. Okla.)

_____

### ORDER

_____

Before **HOLMES**, Chief Circuit Judge, **TYMKOVICH**, and **ROSSMAN**, Circuit Judges.

_____

This matter is before the court on *Appellant's Emergency Motion for Stay of Execution*. For the reasons set forth below, we deny the motion.

Manuel Littlejohn filed a complaint against two prison officials: Christie Quick, in her official capacity as the Warden of the Oklahoma State Penitentiary; and Steven Harpe, in his official capacity as the Executive Director of the Oklahoma Department of Corrections. The complaint asserts a claim under 42 U.S.C. § 1983 that the State of Oklahoma deprived him of a property interest protected by the Fourteenth Amendment's due process clause—namely, his state-court cause of action that Okla. Stat. tit. 22, § 1014

violates the non-delegation clause of the Oklahoma Constitution. Together with his complaint, Mr. Littlejohn filed an emergency motion to stay his execution, which is scheduled for September 26, 2024, at 10:00 a.m. CDT.

The district court dismissed the complaint for lack of jurisdiction and denied the motion to stay the execution. It reasoned that it does not have jurisdiction because the *Rooker-Feldman* doctrine bars Mr. Littlejohn's claim for a violation of his procedural due process rights. Mr. Littlejohn's complaint fundamentally seeks to appeal the final decision that the Oklahoma Court of Criminal Appeals rendered in *Littlejohn v. Harpe*, No. PR-2024-740 (Okla. Crim. App. Sept. 25, 2024). In this regard, Mr. Littlejohn calls that decision "arbitrary" and says that the court's "lawless ripeness holding deprived [him] of access to the courts and his right to procedural due process." Compl. at 3, ¶ 7. The district court further reasoned that Eleventh Amendment immunity bars Mr. Littlejohn's claim because he has sued state officials in their official capacity. In addition, the district court concluded that Mr. Littlejohn has not identified any constitutional flaw in the procedures leading up to the OCCA's decision—even though he disagrees with the decision itself. Finally, it concluded the All Writs Act does not entitle Mr. Littlejohn to relief because he has not shown a significant possibility of success on the merits.

Mr. Littlejohn has appealed the district court's order and filed a motion for a stay of execution pending this court's consideration of the appeal. A stay pending appeal is an exercise of judicial discretion that is dependent on the circumstances of each case; there is no right to a stay pending appeal. *Nken v. Holder*, 556 U.S. 418, 433 (2009). It is the

movant's burden to show "that the circumstances justify an exercise of that discretion." *Id*. at 433–34. In deciding whether to exercise our discretion to grant a stay, we consider four factors: "(1) whether the [movant] has made a strong showing that he is likely to succeed on the merits; (2) whether [he] will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id*. at 434 (internal quotation marks omitted).

We have reviewed Mr. Littlejohn's stay motion, the appellees' response objecting to the motion, the district court's ruling, and relevant record material. Mr. Littlejohn has not addressed the jurisdictional basis for the district court's ruling or established that he is likely to succeed on appeal in arguing that the ruling was incorrect under the *Rooker-Feldman* doctrine or as to Eleventh Amendment immunity. We therefore deny his emergency motion for a stay of execution pending appeal.

Entered for the Court,

CHRISTOPHER M. WOLPERT, Clerk